UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TODD M. LUND,

        Petitioner,

v.                                              Case No. 23-cv-90-pp

WARDEN CROMWELL,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALBILITY**

---

On January 23, 2023, the petitioner filed a petition for writ of *habeas corpus*, dkt. no. 1, along with sixty-six pages of exhibits, dkt. no. 1-1, challenging the probation components of the sentences imposed in state court after his 1998 armed robbery conviction. This order screens the amended petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it plainly appears from the face of the petition that the petitioner is not entitled to relief, the court will deny the petition and dismiss the case.

**I.    Background**

While the petition does not refer to a state court case, the petitioner's exhibits indicate that he is challenging his sentencing in <u>State v. Lund</u>, Milwaukee County Case No. 97CF975083. Dkt. 1-1 at 4. The court has reviewed the publicly available docket for that case. (available at https://

1

wcca.wicourts.gov). It shows that on November 13, 1997, the State filed a criminal complaint against the petitioner. Id. On December 8, 1997, the petitioner entered no contest pleas to four counts of robbery with the use of force, party to a crime (Counts One, Two, Four and Seven). Dkt. No. 1-1 at 5, 9. On January 16, 1998, the circuit court sentenced the petitioner to five years in prison on Count One and five years in prison on Count Two. Id. at 9. As to Count Four, the court sentenced the petitioner to ten years in prison but stayed that sentence and placed the petitioner on ten years of consecutive probation. Id. For Count Seven, the court sentenced the petitioner to ten years in prison consecutive to Count Four but stayed the sentence and placed the petitioner on ten years' probation concurrent to the probation sentence in Count Four. Id.

According to the publicly available dockets, the petitioner did not file a §974.02 postconviction motion or a direct appeal. Lund, Milwaukee County Case No. 97CF975083; State v. Lund, Appeal No. 2021AP001217 (available at https://wcca.wicourts.gov).

The petitioner contends that that his probation was revoked three times between 2006 and 2010. Dkt. No. 1 at 2-3. On April 15, 2021, the petitioner filed a motion in state court seeking to correct his sentence. Lund, Milwaukee County Case No. 97CF975083; Dkt. No. 1-1 at 6-8. The petitioner argued that the circuit court improperly had sentenced him to two, ten-year consecutive sentences of probation to run concurrently. Id. at 7. Relying on State v. Gereaux, 114 Wis. 2d 110 (Wis. Ct. App. 1983) and State v. Schwebke, 242

2

Wis. 2d 585 (Wis. Ct. App. 2001), the petitioner asserted that the circuit court lacked the statutory authority to impose "a consecutive period of probation" and that he was entitled to be resentenced. Id.

On April 21, 2021, the circuit court denied the motion. Id. at 9-11. The court explained that while Gereaux and Schwebke held that a circuit court does not have the statutory authority to make a term of probation consecutive to another term of probation, those cases did not apply to the petitioner's case because the sentencing judge "did not order the probation terms on counts four and five[1] to run consecutive to each other; he expressly ordered them to *concurrent* with each other and consecutive to the prison sentence he imposed on counts one and two." Id. at 10. The court explained that the sentencing judge "was well within his authority under Wis. Stats. §973.15(2)(a) to impose a consecutive prison sentence on each robbery count" and "was well within his authority under Wis. Stats. §973.09(1)(a) to stay the sentence on courts four and seven, to place the [petitioner] on probation on those counts, and to make the period of probation on each of those counts consecutive to the prison sentence he imposed on counts on and two." Id. The court also rejected the petitioner's argument that someone had "tampered with" the judgment of conviction, observing that there was a corrected judgment issued about two weeks after the original judgment, and the corrected judgment was consistent with the circuit court's decision to make the probation terms on courts four

---

[1] The court assumes the circuit court was referring Count Seven, not Count Five.

3

and seven concurrent with each other and consecutive to the sentences imposed on counts one and two. Id. at 10-11. To the extent that whoever corrected the judgment did so without being ordered to by the sentencing court, the circuit court entered an order under State v. Prihoda, 239 Wis. 2d 244 (Wis. 2000), correcting the judgment *nunc pro tunc* to January 30, 1998. Id. at 11. The petitioner moved for reconsideration and the circuit court denied that motion. Dkt No. 1-1 at 45.

On May 24, 2022, the Wisconsin Court of Appeals affirmed the circuit court's denial of the petitioner's motion to correct the sentence. Id. at 43-46. The court concluded that contrary to the petitioner's assertion, the circuit court had not sentenced the petitioner to two consecutive probation sentences. Id. at 45-46. It concluded that the circuit court had stayed the two *consecutive* ten-year *prison* sentences on Counts Four and Seven and imposed two *concurrent probationary* periods. Id. The court explained that

> [w]here [the petitioner] appears to be confused is that, when his probation was revoked, he began serving the *actual stayed sentences* for counts four and seven. Those sentences—the ten-year prison terms—were to run consecutive to one another and are lawful under Wis. Stat. §973.09(1)(a).

Id. at 46.

On September 13, 2022, the Wisconsin Supreme Court denied the petition for review. Id. at 66.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

4

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust

5

the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. Petition

Civil Local Rule 9(a) of the Eastern District of Wisconsin provides that "[a]ll persons applying or petitioning for release from custody under . . . 28 U.S.C. 2254 . . . must file their . . . petition . . . with the Clerk of Court using the forms available from the court." There is a reason for this rule. The court's form guides a petitioner through providing the information that the court needs to evaluate a request for *habeas* relief and to determine whether the petitioner qualifies for relief.

The petitioner did not follow this rule. He did not prepare his petition using the court's form. If that were the only problem with the petition, the court simply would have required the petitioner to file an amended *habeas* petition using the court's form. But even though the petitioner did not use the court's form, the court has sufficient information to conclude from the face of the petition and the attached exhibits that the petitioner is not entitled to relief.

C. <u>Screening the Petition</u>

The petition raises one ground for relief—that the circuit court violated the petitioner's due process rights by sentencing him to two consecutive probationary periods instead of two concurrent probationary periods. Dkt. No. 1 at 4. But claims of errors by a state court in applying state sentencing laws are not cognizable on federal *habeas* review. <u>Dellinger v. Bowen</u>, 301 F.3d 758, 764 (7th Cir. 2002); <u>see also</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (emphasizing "that it is not in the province of a federal habeas court to re-examine state-court determinations on state-law questions"); <u>Bradley v. Lockett</u>, 549 F. App'x 545, 549 (7th Cir. 2013) (noting that sentencing errors are not generally cognizable on collateral review); <u>Shaw v. Wilson</u>, 721 F.3d 908 (7th Cir. 2013) (federal courts can't review a state court's resolution of state-law questions). Even if the state court *had* sentenced the petitioner to two consecutive probationary periods as the petitioner alleges,[2] his claim would not be reviewable because it is based on the state court's application of state sentencing laws—whether the court had the authority to impose consecutive probationary periods.

The petitioner cites <u>United States v. Harris</u>, 51 F.4th 705 (7th Cir. 2022); <u>United States v. Tancil</u>, 817 F. App'x 234 (7th Cir. 2020) and <u>United States v. Zepada</u>, 329 F. App'x 647 (7th Cir. 2009) in arguing that a challenge based on a conflict between a judgment and a sentencing judge's oral pronouncement is not a challenge to the sentence, but a request for imposition of the actual

---

[2] The state trial court did not impose consecutive probation terms.

sentence. Dkt. No. 1 at 5. These cases, however, involved sentences imposed in *federal* cases based on *federal* sentencing laws. The law the petitioner states is *federal* law, applicable to *federal* sentences. The cases do not govern the petitioner's claim, which attacks the way the *state* court judge applied *state* sentencing law.

Even if the petitioner's claim were cognizable on federal *habeas* review, it is clear from the face of the petition that it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's *habeas* petition; it requires a petitioner to file his federal *habeas* petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d).

The petitioner does not claim that any state action created an impediment to filing that later was removed; he does not claim a right newly recognized by the United States Supreme Court or that his *habeas* claims are

based on newly discovered evidence. That leaves §2244(d)(1)(A), which states that the one-year period begins to run from the date the petitioner's conviction became final by the conclusion of direct review or the expiration of the time for seeking direct review.

The circuit court entered the corrected judgment of conviction on January 30, 1998. Lund, Case No. 1997CF975083. Wisconsin law required the petitioner to file a notice of appeal or a postconviction motion sixty days after the filing of the last transcript of the petitioner's trial. Wis. Stat. §809.30(2)(h). The publicly available docket indicates that the last transcript of the petitioner's trial was filed on March 20, 1998. Id. The petitioner did not file a postconviction motion or direct appeal, which means the petitioner's conviction became final sixty days after March 20, 1998—sometime in May 1998. Under §2244(d)(1)(A), the petitioner had a year from May 1998 to file his federal *habeas* petition. The petitioner did not file this federal *habeas* petition until twenty-four years later, on January 23, 2023. The petitioner knew as of the date of his sentencing and the date of the January 1998 judgments of conviction that the state court had imposed two probation terms. If he believed that state court had misapplied state law in imposing those terms, he could have challenged the sentences in a post-conviction motion or a direct appeal years ago.

Because the petition does not raise a claim that is cognizable on federal *habeas* review and because the petitioner did not timely file the petition, the court must deny the petition and dismiss the case.

9

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2254.

### IV. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that the case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 9th day of March, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**